IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**LUZ RODRIGUEZ,**

       **Petitioner,**

v.                                           Case No. 1:14-cv-11797

**WARDEN RICKARD,**

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Currently pending before the Court is Luz Rodriguez's (hereinafter "Rodriguez") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Respondent has filed a Response to Show Cause Order, and Rodriguez has replied. (ECF Nos. 8, 11). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the District Judge **DENY** Rodriguez's Petition for a Writ of Habeas Corpus, **DISMISS** this action, and **REMOVE** it from the docket of the Court.

**I.   Introduction**

On May 14, 2009, Rodriguez was convicted by a jury sitting in the United States District Court for the Western District of Virginia of conspiracy to distribute 500 grams

1

or more of methamphetamine and possession with intent to distribute methamphetamine. (ECF No. 8-1). On August 13, 2009, Rodriguez was sentenced by the District Court to 132 months' imprisonment on the conspiracy conviction and 60 months' imprisonment on the possession with intent to distribute conviction, to be served concurrently. (ECF No. 8-2 at 53). Rodriguez filed a Motion under 28 U.S.C. § 2255 in the Virginia District Court on August 9, 2010, alleging that she asked her attorney to appeal her conviction and sentence, but he failed to do so. (ECF No. 8 at 1). The Court denied Rodriguez's motion, and on December 26, 2012, that denial was affirmed on appeal by the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit").

Rodriguez filed the instant proceeding under 28 U.S.C. § 2241 on March 6, 2014. (ECF No. 1). In this action, Rodriguez raises two grounds of error. First, she challenges a sentencing enhancement imposed by the Virginia District Court based on Rodriguez's possession of a firearm in furtherance of drug trafficking activity. Rodriguez argues that the enhancement was unconstitutional in light of *Alleyne v. United States,* ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). Second, she claims that the Government violated her due process rights under the Fifth Amendment to the United States' Constitution by attributing an excessive amount of drugs to her as relevant conduct. (ECF No. 1). Rodriguez contends that her challenges are properly raised in a § 2241 petition because *Alleyne* had not yet been decided at the time of her first § 2255 motion. Rodriguez asks the Court to vacate her 132-month sentence, leaving her to serve only the 60-month sentence. (*Id.* at 8).

In response to Rodriguez's petition for habeas relief, Respondent asserts that the petition should be dismissed for failing to state a claim under § 2241. According to Respondent, Rodriguez is challenging the validity of her sentence, which is a claim that

2

must be brought under 28 U.S.C. § 2255. (ECF No. 8 at 2). Respondent concedes that, in certain narrow circumstances, claims typically asserted in a § 2255 motion may be raised in a § 2241 petition; however, Rodriguez's petition does not fall within the requisite circumstances. Respondent argues that although the Court could construe Rodriguez's petition as a second or successive § 2255 motion and transfer it to the Fourth Circuit for authority to proceed, the Court should simply dismiss it given that Rodriguez's claims have no merit. Respondent points out that the relief provided in *Alleyne* is not retroactive on collateral review, and in any event, Rodriguez was sentenced under the federal sentencing guidelines, which makes the *Alleyne* decision inapplicable to Rodriguez's case. In regard to the drug weight challenge, Respondent similarly contends that Rodriguez's claim is frivolous. Respondent emphasizes that a jury found Rodriguez guilty of conspiring to distribute more than 500 grams of methamphetamine, and the sentencing court applied the guidelines offense level that corresponded to a drug weight of 500 grams to 1.5 kilograms. Therefore, Rodriguez was not sentenced based upon a drug weight that exceeded the jury's verdict. In Respondent's view, Rodriguez is simply trying to re-argue defenses that were submitted to and rejected by the jury. Consequently, she offers no grounds that would entitle her to relief. (*Id.* at 6-10).

## II. Discussion

Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241."

*Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241.). The "savings clause," found at 28 U.S.C. § 2255(e), occasionally allows a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W.Va. 2001). Rather, the savings clause creates a narrow opening through which a petitioner may pass when her § 2241 claim contains all three of the following elements: (1) at the time of her conviction, the settled law of the circuit or the Supreme Court established the legality of her conviction; (2) subsequent to her direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which she was convicted is now deemed not to be criminal; and (3) she cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Jones* criteria. *See Hood v. United States*, 13 F. App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W.Va. Feb. 20, 2014).

In the instant action, Rodriguez plainly challenges the validity of her federal conviction and sentence. Thus, Rodriguez's claim must be brought pursuant to 28 U.S.C. § 2255, unless she can demonstrate under the savings clause that § 2255 is inadequate or ineffective. Rodriguez makes no such showing. Her reliance on the *Alleyne* decision to satisfy the requirements of the savings clause is misplaced, as the *Alleyne* decision is

4

inapposite to her case. The Court in *Alleyne* held that any fact that increases the mandatory minimum penalty for a crime must be submitted to a jury and proven beyond a reasonable doubt, rather than by a preponderance of the evidence at sentencing. *Alleyne,* 133 S.Ct. at 2155. Here, Rodriguez was sentenced under the sentencing guidelines, and her firearms enhancement was applied under the guidelines. Consequently, a mandatory minimum sentence played no role in Rodriguez's case. (ECF No. 8-2 at 41-42). In any event, courts in this circuit have consistently held that *Alleyne* does not apply retroactively on collateral review. *See United States v. Stewart*, 540 F.App'x 171, 172 n* (4th Cir. 2013) ("We note that *Alleyne* has not been made retroactively applicable to cases on collateral review"); s*ee, also, Gibson v. United States*, Case No. 1:11–cv-0024, 2014 WL 204198 (S.D.W.Va. Jan 17, 2014) (noting the Fourth Circuit's decision in *U.S. v. Stewart* barred this Court from applying *Alleyne* retroactively on collateral review); *Barren v. United States,* Case No. PJM 13-1824, 2014 WL 4299092, at *7 (D. Md. Aug. 29, 2014) (holding that *Alleyne* did not declare a new rule of law that would be retroactive); *Ramseur v. United States,* Case No. 9:11-cv-0075-RLV, 2014 WL 4854642, at *5 (W.D.N.C. Sep. 29, 2014) (finding that *Alleyne* has not been made retroactive on collateral review); *Boyd v. United States,* Case No. 7:08-cr-0003, 2014 WL 1653065, at *2 (W.D.Va. Apr. 24, 2014) (same); *Ferranti v. United States,* No. 1:91CR337–A 2014 WL 2967944, at *2 (E.D.Va. June 30, 2014) (holding that "the principle adopted by the Court in *Alleyne* is a 'new constitutional rule of criminal procedure,' which ... is not applicable to cases on collateral review. Furthermore, *Alleyne* is not a 'watershed' decision by the Supreme Court's definition. Therefore**,** *Alleyne* is not retroactive on collateral review.") (internal citation omitted). Accordingly, contrary to her contention, Rodriguez cannot satisfy the *Jones* criteria by relying on the Supreme Court's

decision in *Alleyne*; thus, the undersigned **FINDS** that Rodriguez's claims are not cognizable under § 2241.[1]

Given that Rodriguez's challenges are not properly brought under § 2241, her petition "must either be dismissed or construed as a section 2255 motion."[2] *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Regardless of which option the Court selects, Rodriguez's petition is at an end in this jurisdiction. If the Court chooses to dismiss Rodriguez's action, then she will be required to pursue her claim in the United States District Court for the Western District of Virginia because, unlike § 2241 petitions, which are brought in the district in which the petitioner is incarcerated, *see United States v. Poole*, 531 F.3d 263 (4th Cir. 2008), § 2255 directs the petitioner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). However, such a transfer would be pointless, as Rodriguez already filed a § 2255 motion in the sentencing court. She lacks certification from the Fourth Circuit authorizing her to file a second § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A); consequently, the sentencing court lacks jurisdiction to hear the motion. As such, there is no benefit to be gained by transferring the case to the Western District of Virginia. *Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W.Va. Nov. 13, 2013); *Satcher*

---

[1] Rodriguez offers no other argument for application of the savings clause. In addition to the proposed finding that *Alleyne* does not apply to Rodriguez's firearms claim, the undersigned likewise **FINDS** that the *Alleyne* decision does not support a savings clause argument for Rodriguez's drug weight claim and, even if it did, Rodriguez's claim is entirely without merit. Indeed, in her case, the sentencing court accepted her argument that the drug weight proposed by the Government was too high. (ECF No. 8-2 at 41-43). Accordingly, the court used the offense level that corresponded to a drug weight of 500 grams to 1.5 kilograms, which was completely in line with the jury's verdict. (*Id.* at 42; ECF No. 8-1 at 15).

[2] Before recharacterizing a petitioner's § 2241 petition as his or her *first* § 2255 motion, a district court must warn the petitioner about the consequences of the recharacterization and allow the petitioner to either object to the recharacterization or withdraw or amend the petition. *See Camarillo-Chagoya v. Hogsten*, 553 F. App'x 341, 342 (4th Cir. 2014) (citing *Castro v. United States*, 540 U.S. 375, 384, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003)). Because Rodriguez has previously filed a § 2255 motion, that warning procedure is not required in this case. *See Castro*, 540 U.S. at 383.

*v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W.Va. Oct. 17, 2013); *Currence v. Cauley*, 1:11-0088, 2013 WL 5658345, at *3 (S.D.W.Va. Oct. 15, 2013); see also *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

As the Government correctly notes, the Court may exercise its authority under 28 U.S.C. § 1631 to recharacterize the petition as a motion for pre-filing authorization and transfer it to the Fourth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action … could have been brought at the time it was filed … and the action … shall proceed as if it had been filed in … the court to which it is transferred on the date upon which it was actually filed in … the court from which it is transferred.

The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). Instead, district courts retain discretion to determine whether the transfer of an unauthorized successive petition to the Fourth Circuit is "in the interest of justice." *Id.* A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous)).

For the Fourth Circuit to grant a petitioner's request to file a successive § 2255

motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock*, 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). Here, "tak[ing] a peek at the merits" of the petition, the undersigned concludes that Rodriguez has not set forth a potentially meritorious claim under either prong of § 2255(h). *Phillips*, 173 F.3d at 610. As discussed above, Rodriguez has not demonstrated a new rule of constitutional law that applies retroactively to the factual circumstances of her sentencing, nor has she produced new evidence that would establish her innocence of either crime of conviction.[3] Therefore, transfer to the Fourth Circuit is not "in the interest of justice," and dismissal is warranted.

### III. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No.

---

[3] Rodriguez argues that she was found innocent of the charge of possessing a firearm in furtherance of a drug trafficking crime; therefore, the sentence enhancement for possessing the firearm was a constitutional violation. However, the Fourth Circuit addressed this very argument in *United States v. Hunter*, 19 F.3d 895, 897 (4th Cir. 1994) and rejected it, stating: "We recently addressed this same issue of whether acquitted conduct can be considered to enhance a sentence under the Sentencing Guidelines … and concluded that it can be so considered." *Id.*

8

1), be **DENIED,** that this action be **DISMISSED,** with prejudice, and that it be removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and Respondent.

**FILED:** October 14, 2015

Cheryl A. Eifert
United States Magistrate Judge